IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WILLARD PERRY**                                                                                    **PLAINTIFF**

**v.**                                                                                                      **No. 4:05CV267-D-A**

**MDOC, ET AL.**                                                                                    **DEFENDANTS**

**MEMORANDUM OPINION**

     This matter comes before the court on the *pro se* prisoner plaintiff's November 23, 2005, complaint challenging the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated at the time he filed this suit. The plaintiff alleges that Mississippi Department of Corrections officials erroneously revoked his custody status (intensive supervision/house arrest). He seeks to have his house arrest custody status reinstated. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

*Sandin*

     In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S.

Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id.*, the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5$^{th}$n Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

The plaintiff does not allege that his current custody level is unconstitutionally harsh; instead, he argues only that he would prefer to be placed on house arrest and that the defendants violated due process by removing the plaintiff from house arrest status. As discussed above, the plaintiff's desire for house arrest does not rise to the level of a constitutional deprivation. As such, the instant case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 7th day of December, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE